ILLINOIS CENTRAL RAILROAD COMPANY v. SAMUEL DUNNIGAN.

[50 South. 443.]

CARRIERS. *Ministerial rates. Discrimination. Liability.*

A minister of the gospel whom a common carrier refused to carry for the customary gratuitously reduced fare charged other persons of his calling has no right of action against the carrier because of the discrimination.

FROM the circuit court of, first district, Panola county.

HON. WILLIAM A. ROANE, Judge.

Dunnigan, appellee, was plaintiff in the court below; the railroad company, appellant, was defendant there. From a judgment in plaintiff's favor the defendant appealed to the supreme court.

Plaintiff, a minister of the Colored Methodist Episcopal Church of America, sued the railroad company to recover alleged damages for defendant's refusal to permit him to travel over its lines at the customary gratuitously reduced rates allowed to ministers of the gospel.

*Mayes & Longstreet,* for appellant.

The declaration shows on its face no cause of action. Appellant owed to appellee the duty merely to furnish him with transportation at the same rate and under the same conditions that it furnished the same to the general public. The granting of the privilege to a minister of the gospel to travel on its trains at a lower rate than that allowed to the general public

is a mere charity. One may withdraw a charity previously extended to an individual member of a particular class, while allowing a similar charity to be extended to the remainder of the class.

Appellee himself admitted the right of the railroad company to refuse specially reduced rates of transportation to passengers, because his signed application to the railroad company for 'a rate of transportation at two cents per mile contains the following clause: "I realize the right of each carrier to decline to furnish me with a permit without explanation as to the reason for the declination."

*Shands & Montgomery,* for appellee.

If common carriers can be forbidden by law to discriminate or to change any established rule of transportation of freight, then it should follow that they should have no right after allowing to a general class of persons a reduced rate of passenger transportation, to refuse arbitrarily such reduced transportation to an individual of such class while granting the privilege to the remainder of the class.

The following authorities sustain the proposition that carriers may not discriminate in freight rates among people similarly situated: *Messenger v. Railroad Co.,* 13 Am. Rep. 557; *Ohio Coal Co. v. Whitcomb,* 59 C. C. A. 487. By analogy, the rule should be the same as to any attempted discrimination in rates of passenger transportation.

In *State v. Delaware, etc., R. R. Co.,* 57 Am. Rep. 543, being a mandamus suit to compel the railroad company to issue to a citizen of East Orange a commutation ticket from East Orange to New York, it was shown in evidence that the company had put on sale tickets at a low rate valid between the points named, and that on account of a misunderstanding the company refused to sell to the plaintiff further commutation tickets, and it was there held that "a company is under no obligation to establish commutation rates for a particular local-

ity, but when it has established such rates, and commutation rates are sold accordingly to the public, the refusal of such a ticket to a particular individual, under the same circumstances, and under the same conditions as such tickets are sold to the rest of the public, is an unjust discrimination against him, and a violation of the principle of equality which the company is bound to observe in the conduct of its business.

SMITH, J., delivered the opinion of the court.

It being the custom of appellant to give ministers of the gospel a permit to travel over its lines at the reduced rate of two cents per mile, appellee, being a minister of the gospel of the Colored Methodist Episcopal Church of America, applied to appellant for such a permit, which appellant refused to give him, assigning no reason therefor. Thereupon this suit was instituted by appellee to recover damages for such refusal; the declaration alleging that the same was a wilful, wanton, oppressive, and unlawful discrimination against him. From a judgment awarding damages to appellee, this appeal is taken.

The declaration is challenged on the ground that it shows no cause of action. The only duty which appellant owed to appellee was to furnish him with transportation over its lines at the same rate and under the same conditions that it furnished same to the general public. Permitting a minister of the gospel, or any person, to travel at a rate lower than that given the general public is a mere gratuity, which appellant can withhold at its pleasure, and even a custom so to do imposed upon it no obligation to give such permission.

The declaration, therefore, states no cause of action, and the judgment of the court below is *reversed, and the cause dismissed.*